MICHAEL WRIGHT v. CLARK and ROBINSON.

1. INSTRUCTIONS : MUST BE RELEVANT : RULE IN RELATION TO.—A charge, how-
ever correct as a proposition of law, should not be given, unless it is pertinent
to the matter in issue, and justified by the evidence.  And it is error to give
an irrelevant instruction, unless it be manifest that the jury could not have
been misled thereby.
2. CONTRACT : CONSIDERATION.—If the purchaser of goods indorse, in absolute
payment of the price, a note on a third person, his subsequent promise, made
after the dishonor of the note, to pay the price at which he purchased the
goods, is void for want of consideration.

IN error from the Circuit Court of Panola county.   Hon. P. T.
Scruggs, judge.

C. Miller and J. F. Cushman, for plaintiff in error.

H. W. Walter, for defendant in error.

SMITH, C. J., delivered the opinion of the court.

This case is brought before us by writ of error to the Circuit
Court of Panola county.

The suit was brought by Clark and Robinson against the plain-
tiff in error to recover the value of three mules, sold by the former
to the latter.

It appears that Wright held certain notes, made payable to his
order by one Waters, which he indorsed and delivered to Shores,
the agent of Clark and Robinson, in payment of the mules.  Shores
suspected the promptness or ability of Waters, and insisted upon
the indorsement of Wright, with the expressed purpose of holding
him liable if Waters should fail to pay.  The notes, thus indorsed,
were received in absolute payment for the mules.  Nothing was
said when the trade was made about the notes being delivered as
collateral security.  Some time after the trade, and before the
notes became due, Shores informed Wright that Waters was about
to leave.   Wright replied that it would be a hard case on him, but
that he would pay in cotton, at a price then agreed upon ; but upon
seeing the cotton, Shores refused to receive it.   Wright acknow-

ledged his liability and promised to pay. He requested that suit should be brought upon the notes, as he wanted the judgment, so that he might press Waters, and promised to make no defence. Suit was brought, but he appeared and defended, and the cause was thrown out of court. The notes were never returned to Wright, and there was no express abandonment of the trade, or any agreement that Wright should be bound for the value of the mules, distinct from his liability as the indorser upon the notes.

Upon this state of facts, at the instance of the plaintiffs' counsel, the court charged,

That if the jury believed, from the evidence, that Shores refused to take the notes of Waters in payment for the mules, but, at the request of defendant, took the notes as collateral security, and that Waters did not pay the notes, and Shores offered to return them to defendant, then the jury must find for the plaintiffs, if they believe, from the evidence, that defendant bought the mules for the price agreed on; and

That if the jury believed, from the evidence, that defendant requested Shores to sue on the notes, so that defendant might press Waters, and agreed to pay the price of the mules, then the jury must find for the plaintiffs.

Under these instructions the jury found for the plaintiffs, and the defendant entered his motion for a new trial, which was refused.

The first charge stated the law correctly, but it was inapplicable to the facts established by the testimony. There was no testimony before the jury which tended to prove that the notes were indorsed and delivered as collateral security for the price of the mules. On the contrary, the proof was clear that the notes were received in absolute payment. The charge was irrelevant, and should not have been given. The rule is, that a charge, however correct as a proposition of law, should not be given, unless it is pertinent to the matters in issue, and justified by the evidence. And that it would be error so to charge, unless it is manifest that the jury could not have been misled by it.

The second instruction is also objectionable. A request made by the defendant, that suit should be brought upon the note, would certainly not render him liable to the plaintiffs in a direct action for the price of the mules. And a promise or agreement, if made

upon no other consideration than his liability as indorser upon the note, would have been invalid. The charge appears to be based upon the assumption that there was an entire abandonment of the trade, that Wright was to be responsible to the plaintiffs, and that suit was to be brought for his benefit. But of these facts there was no sufficient proof.

The proof, at best, was more than doubtful; and, for error in the instructions, we reverse the judgment, and order a new trial.